UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINPOINT INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> SEARS, ROEBUCK AND CO., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 12-cv-1195

Hon. Joan H. Lefkow
Magistrate Judge Hon. Geraldine Soat Brown

**JURY TRIAL DEMANDED**

## SEARS'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Sears, Roebuck and Co. ("Sears"), by its attorneys Duane Morris LLP,

answers the Complaint of Plaintiff Pinpoint Incorporated ("Pinpoint") as follows:

## ANSWER

## NATURE OF CASE

1.      This is a claim for patent infringement that arises under the patent laws of the

United States, Title 35 of the United States Code. This Court has original jurisdiction over the

subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**      Sears admits that Pinpoint purports to bring a claim for patent

infringement under the patent laws of the United States, Title 35 of the United States Code and

that this Court has original jurisdiction over the subject matter of such a claim under 28 U.S.C.

§§ 1331 and 1338(a).

## PARTIES

2.     Pinpoint Incorporated ("Pinpoint") is a Texas corporation with headquarters at 203 North Wabash Avenue, Suite 1610, Chicago, Illinois 60601.

**ANSWER:**     Sears lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.     Pinpoint owns and has standing to sue for infringement of United States Patent No. 5,754,938 ("the '938 patent"), entitled "Pseudonymous Server for System for Customized Electronic Identification of Desirable Objects," which issued on May 19, 1998.

**ANSWER:**     Sears admits that the '938 patent, on its face, is entitled "PSEUDONYMOUS SERVER FOR SYSTEM FOR CUSTOMIZED ELECTRONIC IDENTIFICATION OF DESIRABLE OBJECTS" and that the patent states on its face an issue date of May 19, 1998. Sears lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and therefore denies them.

4.     Pinpoint owns and has standing to sue for infringement of United States Patent No. 7,853,600 B2 ("the '600 patent"), entitled "System and Method for Providing Access to Video Programs and Other Data Using Customer Profiles," which issued on December 14, 2010.

**ANSWER:**     Sears admits that the '600 patent, on its face, is entitled "SYSTEM AND METHOD FOR PROVIDING ACCESS TO VIDEO PROGRAMS AND OTHER DATA USING CUSTOMER PROFILES" and that the patent states on its face an issue date of December 14, 2010. Sears lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and therefore denies them.

5.     Pinpoint owns and has standing to sue for infringement of United States Patent No. 8,056,100 ("the '100 patent"), entitled "System and Method For Providing Access To Data Using Customer Profiles," which issued on November 8, 2011.

2

**ANSWER:**    Sears admits that the '100 patent, on its face, is entitled "SYSTEM AND METHOD FOR PROVIDING ACCESS TO DATA USING CUSTOMER PROFILES" and that the patent states on its face an issue date of November 8, 2011. Sears lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint and therefore denies them.

6.        Pinpoint, originally known as Herz Technologies, is the owner of all right, title and interest in the patent portfolio of the inventor Frederick Herz and his company iReactor. Fred Herz is a named inventor on nearly fifty U.S. and foreign patents and patent applications, including the '938, '600 and '100 patents. Mr. Herz is a pioneer in the field of content personalization and assembled a team of world-renowned computer scientists from the University of Pennsylvania to develop prototype software for his company iReactor. The technology covered by Mr. Herz' inventions anticipated personalization via the Internet, mobile content delivery, electronic billboards and retail kiosks.

**ANSWER:**    Sears admits that the '600 and '100 patents, on their face, identify "Frederick Herz" as a named inventor and that the '938 patent, on its face, identifies "Frederick S. M. Herz" as a named inventor. Sears lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and therefore denies them.

7.        Sears, Roebuck and Co. ("Sears") is a New York corporation with headquarters at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

**ANSWER:**    Sears admits the allegations of Paragraph 7 of the Complaint.

### JURISDICTION AND VENUE

8.        Sears owns, operates and/or and conducts business through the website www.sears.com. Sears is doing business in this judicial district, has purposefully availed itself of

the privilege of conducting business with residents of this judicial district, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois, and has purposefully reached out to residents of Illinois.

**ANSWER:**    Sears admits that it conducts business through the website at http://www.sears.com and that it is subject to the personal jurisdiction of this Court for the purposes of the Complaint.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**ANSWER:**    Sears admits that venue in this district is proper under 28 U.S.C. §§ 1391(b)–(d) and admits that venue in this district is proper under 28 U.S.C. § 1400(b), but only insofar as Pinpoint purports to bring an action for patent infringement and only insofar as Sears resides and/or "has a regular and established place of business" in this district. Sears denies all allegations of patent infringement and specifically denies that venue in this district would be proper under the "committed acts of infringement" language of 28 U.S.C. § 1400(b).

## CLAIMS FOR PATENT INFRINGEMENT

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,754,938

10.    Sears owns and operates the website www.sears.com and related URLs.

**ANSWER:**    Sears admits that it conducts business through the website at http://www.sears.com.  Sears denies the remaining allegations of Paragraph 10 of the Complaint.

11.    Sears uses at least one proxy server in connection with its www.sears.com website.

**ANSWER:**     Paragraph 11 of the Complaint purports to characterize the operation of Sears' website and does so in inaccurate and ambiguous terms.  As such, the allegations made therein are denied as stated.

12.     Sears provides accounts for its customers using their email and password.

**ANSWER:**     Paragraph 12 of the Complaint purports to characterize the operation of Sears' website and does so in inaccurate and ambiguous terms.  As such, the allegations made therein are denied as stated.

13.     Sears creates profiles for its customers based on preferences including, among other things, what Sears calls "Personal Information" and "My Interests," which includes such categories as "My Fashions," "My Fun," "My Home," and "My Specifics."

**ANSWER:**     Paragraph 13 of the Complaint purports to characterize the operation of Sears' website and does so in inaccurate and ambiguous terms.  As such, the allegations made therein are denied as stated.

14.     Sears uses information it collects on individual customers to provide deals that suit those individual customers.

**ANSWER:**     Paragraph 14 of the Complaint purports to characterize the operation of Sears' website and does so in inaccurate and ambiguous terms.  As such, the allegations made therein are denied as stated.

15.     Sears sends emails to its customers including e-newsletters and personalized deals Sears selects for those specific customers.

**ANSWER:**     Paragraph 15 of the Complaint purports to characterize the operation of Sears' website and does so in inaccurate and ambiguous terms.  As such, the allegations made therein are denied as stated.

16.     Sears has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.sears.com which includes features for creating customer profiles and emailing Sears-selected e-newsletters and personalized deals to specific customers.

**ANSWER:**     Sears denies the allegations of Paragraph 16 of the Complaint.

17.     To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '938 patent.

**ANSWER:**     Sears lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies them.

18.     The acts of direct infringement of the '938 patent by Sears by manufacturing, using, operating and/or conducting business through its website has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Sears, but in no event less than a reasonable royalty.

**ANSWER:**     Sears denies the allegations of Paragraph 18 of the Complaint.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,853,600 B2

19.     Sears has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.sears.com and related URLs which includes features for creating customer profiles and emailing Sears-selected e-newsletters and personalized deals to specific customers.

**ANSWER:**     Sears denies the allegations of Paragraph 19 of the Complaint.

20.     To the extent required by law, Sears has complied with the provisions of 35 U.S.C. § 287 with respect to the '600 patent.

**ANSWER:**     Sears denies that it has any requirement under law to comply with the provisions of 35 U.S.C. § 287 with respect to the '600 patent. Sears lacks knowledge or information sufficient to form a belief as to the truth of whether Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '600 patent and therefore denies any such allegation.  Sears denies the remaining allegations of Paragraph 20 of the Complaint.

21.     The acts of direct infringement of the '600 patent by Sears by manufacturing, using, operating and/or conducting business through their respective websites has injured Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Sears, but in no event less than a reasonable royalty.

**ANSWER:**     Sears denies the allegations of Paragraph 21 of the Complaint.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,056,100**

22.     Sears has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, by operating the website www.sears.com and related URLs which includes features for creating customer profiles and emailing Sears-selected e-newsletters and personalized deals to specific customers.

**ANSWER:**     Sears denies the allegations in Paragraph 22 of the Complaint.

23.     To the extent required by law, Pinpoint has complied with the provisions of 35 U.S.C. § 287 with respect to the '100 patent.

**ANSWER:**     Sears lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies them.

24.     The acts of direct infringement of the '100 patent by all Sears by manufacturing, using, operating and/or conducting business through their respective websites has injured

Pinpoint, and Pinpoint is entitled to recover damages adequate to compensate it for such infringement from Sears, but in no event less than a reasonable royalty.

>**ANSWER:**    Sears denies the allegations of Paragraph 24 of the complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pinpoint respectfully asks this Court to enter judgment against Defendant Sears, Roebuck and Co. and against each of its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

a.    The entry of judgment in favor of Pinpoint and against Sears;

b.    An award of damages as to Sears adequate to compensate Pinpoint for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

c.    A finding that this case is exceptional and an award to Pinpoint of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

d.    Such other relief that Pinpoint is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

>**ANSWER:**    Sears denies that Pinpoint is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Sears asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Pinpoint.

### FIRST DEFENSE
(Invalidity)

1.      One or more claims of the '938, '600, and '100 patents are invalid, unenforceable, void, or voidable for failure to comply with the requirements set forth in the patent laws of the United States, including without limitation, Title 35 of the United States Code and, more specifically, 35 U.S.C. §§ 101, 102, 103, and 112.

### SECOND DEFENSE
(Non-Infringement)

2.      Sears has not in any way infringed and does not in any way infringe—including, without limitation, literally, directly, indirectly, by inducement, contributorily, or under the doctrine of equivalents—any valid and enforceable claim of the '938, '600, or '100 patents.

3.      No valid and enforceable claim of the '938, '600, or '100 patents reads on the making of, use of, offer to sell, sale of, importing of, supplying of, supplying a component of, or causing the supply of a component of, any product or service offered by Sears, including services offered to customers through the website at http://www.sears.com.

### THIRD DEFENSE
(Unclean Hands)

4.      Pinpoint's claims are barred under the doctrine of unclean hands.

5.      U.S. Pat. No. 5,758,257 (the "'257 patent") is related to the asserted '600 and '100 patents.  The '600 and '100 patents, on their face, claim priority to the '257 patent, they

identify common named inventors to the '257 patent, they share an *identical* specification with the '257 patent, and they are directed to commonly developed subject matter with the '257 patent.

6.     In Pinpoint, Inc. v. Amazon.com, Inc., N.D. Ill. No. 03-C-4954, this Court issued an opinion (Doc. No. 233, attached hereto as Exhibit A) in which it found:

(a)     the subject matter of the '257 patent was developed from research conducted pursuant to a Sponsored Research Agreement between named inventors Frederick Herz and Lyle Ungar and the University of Pennsylvania (Ex. A at 6);

(b)     the '257 patent was the intellectual property of the university when Pinpoint filed suit against Amazon (*id.*);

(c)     Ungar provided testimony under oath claiming not to remember having done any research under the Sponsored Research Agreement related to the '257 patent, which testimony the Court found to be "singularly lacking in credibility" (*id.* at 5);

(d)     Herz provided testimony under oath denying that the research leading up to the '257 patent had been sponsored research, and, in evaluating this testimony, the Court determined Herz's "demeanor was evasive, his testimony unresponsive, and the selectivity of his recollections implausible" (*id.* at 6); and

(e)     because Pinpoint asserted that it acquired rights to the '257 patent from the University of Pennsylvania after bringing suit against Amazon, Pinpoint lacked standing to file the suit and, accordingly, the Court entered judgment dismissing it (*id.* at 11).

7.      In view of (a) the named inventors' misconduct in developing the subject matter of and securing the ownership rights to the '257 patent and the patents asserted in this litigation and (b) the untruthful and misleading testimony submitted to this Court regarding the same, Pinpoint is barred from asserting the '938, '600, and '100 patents and from the relief it seeks in this action under the doctrine of unclean hands.

### FOURTH DEFENSE
(No Costs)

8.      Pinpoint is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

### FIFTH DEFENSE
(Waiver, Estoppel & Laches)

9.      Pinpoint's claims are barred, in whole or in part, under the doctrines of waiver, estoppel (including, but not limited to, prosecution history estoppel), and laches.

### SIXTH DEFENSE
(Equitable Estoppel)

10.      Pinpoint's claims are barred, in whole or in part, under the doctrine of equitable estoppel.

### SEVENTH DEFENSE
(Limitations on Damages)

11.      Pinpoint's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286 & 287.

## SEARS' COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Sears, Roebuck and Co., by way of Counterclaim against Pinpoint Incorporated, alleges as follows:

1.      Sears repeats and incorporates by reference each of the foregoing paragraphs of Sears's Answer and Affirmative Defenses to the Complaint.

2.      This counterclaim seeks declaratory judgments of non-infringement, invalidity and unenforceability of one or more claims of United States Patent Nos. 5,754,938 ("the '938 patent"), 7,853,600 ("the '600 patent"), and 8,056,100 ("the '100 patent") (attached hereto as Exhibits B, C & D, respectively), under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and the patent laws of the United States.

## PARTIES

3.      Sears, Roebuck And Co. ("Sears"), designated herein as counterclaim plaintiff, is a New York corporation with headquarters at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

4.      On information and belief, Pinpoint Incorporated ("Pinpoint"), designated herein as counterclaim defendant, is a Texas corporation with headquarters at 203 North Wabash Avenue, Suite 1610, Chicago, Illinois 60601, and residing in this judicial district for purposes of venue under 28 U.S.C. § 1391.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.     Venue and personal jurisdiction are proper within this judicial district because, *inter alia*, Pinpoint has sought the benefit of this forum for this litigation.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

8.     Sears repeats and incorporates by reference each of the foregoing paragraphs of Sears's Answer and Affirmative Defenses to the Complaint and of this Counterclaim.

9.     On information and belief, the '938, '600, and '100 patents ostensibly were issued on May 19, 1998, December 14, 2010, and November 8, 2011, respectively, and are alleged to be owned by Pinpoint.

10.     Pinpoint filed a complaint ("the Complaint") in this Court alleging that Sears has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through activities relating to operation of the website at http://www.sears.com.

11.     The Complaint alleges that Sears has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through activities relating to operation of the website at http://www.sears.com.

12.     The Complaint alleges that Sears has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through activities relating to operation of the website at http://www.sears.com.

13.     Sears has not in any way infringed and does not in any way infringe—including, without limitation, literally, directly, indirectly, by inducement, contributorily, or under the doctrine of equivalents—any valid and enforceable claim of the '938, '600, or '100 patents, by any acts alleged by Pinpoint or otherwise.

14.     On information and belief, prior to initiating this action, Pinpoint failed to adequately investigate Sears's alleged infringing acts, including the alleged infringing acts related to its operation of the website at http://www.sears.com, that form the basis of Pinpoint's accusations of infringement of the '938, '600, and '100 patents within Pinpoint's Complaint.

15.     The claims of the '938, '600, and '100 patents are invalid and/or unenforceable for failing to comply with the requirements set forth in the patent laws of the United States, including, without limitation, Title 35 of the United States Code and, more specifically, 35 U.S.C. §§ 101, 102, 103, and 112.

16.     Based on the foregoing, there is an actual, substantial and continuing justiciable controversy between Sears and Pinpoint regarding the validity, enforceability, and infringement of the '938, '600, and '100 patents.

17.     The controversy between Sears and Pinpoint warrants a declaratory judgment by this Court that the '938, '600, and '100 patents are invalid and unenforceable and that Sears does not in any way infringe the '938, '600, or '100 patents.

## DEMAND FOR JURY TRIAL

Sears demands a trial by jury on all issues triable as of right by a jury pursuant to the Federal Rules of Civil Procedure, including Rule 38(a).

## PRAYER FOR RELIEF

WHEREFORE, Sears requests that this Court enter judgment in its favor and against Pinpoint as follows:

(a)     That the Court declare that all claims of the '938, '600, and '100 patents are invalid;

(b)     That the Court declare that the '938, '600, and '100 patents are unenforceable;

(c)     That the Court declare that Sears does not in any way infringe—including, without limitation, literally, directly, indirectly, by inducement, contributorily, or under the doctrine of equivalents—any valid and enforceable claim of the '938, '600, or '100 patents;

(d)     That the Court declare that no valid and enforceable claim of the '938, '600, or '100 patents reads on the making of, use of, offer to sell, sale of, importing of, supplying of, supplying a component of, or causing the supply of a component of, any product or service offered by Sears;

(e)     That Pinpoint, its officers, agents, servants, employees, attorneys, licensees or others acting for, on behalf of, or in concert with Pinpoint, be enjoined from asserting or threatening to assert any rights under the '938, '600, or '100 patents against Sears, its current or prospective customers, suppliers, dealers, licensees, agents, employees, or others acting for, on behalf of, or in concert with Sears;

(f)     That the Court award to Sears, and against Pinpoint, Sears's costs, expenses, and interest incurred in this action;

(g)     That the Court declare this case exceptional pursuant to 35 U.S.C. § 285 and award to Sears, and against Pinpoint, Sears's attorneys' fees in this action; and

(h)     That such other and further relief, damages and interest be awarded to Sears and against Pinpoint as this Court deems just and which equity may require.

15

Dated: June 14, 2012                           Respectfully submitted

                                               /s/ Matthew C. Mousley
                                               *One of the Attorneys for Defendant*
                                               *Sears, Roebuck and Co.*

Rachael G. Pontikes
(ARDC #6275709)
Duane Morris LLP
Suite 3700
190 South LaSalle Street
Chicago, IL 60603-3433
Phone: +1 312 499 6757
Fax:    +1 312 277 6903

Arthur Dresner
(admitted pro hac vice)
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
Phone: +1 212 692 1014
Fax:    +1 212 202 4904

Matthew C. Mousley
(admitted pro hac vice)
Duane Morris LLP
30 S. 17th St.
Philadelphia, PA 19103
Phone: +1 215 979 1804
Fax:    +1 215 689 4936

## CERTIFICATE OF SERVICE

I, Matthew C. Mousley, an attorney, certify that on June 14, 2012, a true and correct copy of **SEARS'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** was served on counsel of record electronically through the Northern District of Illinois CM/ECF electronic filing system.


/s/ Matthew C. Mousley
*One of the Attorneys for Defendant*
*Sears, Roebuck and Co.*