IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINPOINT INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> SEARS, ROEBUCK AND CO. <br><br> Defendant. | Case No. 1:12-cv-01195 <br><br> Honorable Joan H. Lefkow <br> Magistrate Honorable Geraldine Soat Brown <br><br><br> **JURY TRIAL DEMANDED** |

**PINPOINT INCORPORATED'S ANSWER TO
DEFENDANT SEARS, ROEBUCK AND CO.'S COUNTERCLAIM**

Plaintiff Pinpoint Incorporated ("Pinpoint") hereby responds to Defendant Sears, Roebuck and Co.'s ("Sears") Counterclaim, served on June 14, 2012, as follows:

**SEARS' COUNTERCLAIM**

1. Sears repeats and incorporates by reference each of the foregoing paragraphs of Sears's Answer and Affirmative Defenses to the Complaint.

**Response:**

Pinpoint objects to Sears' incorporation by reference of each of the paragraphs of its Answer and Affirmative Defenses as improper since a responsive pleading is not necessary for answers and affirmative defenses. To the extent any response to Sears' answers and affirmative defenses is necessary, they are denied insofar as they are inconsistent with the allegations contained in Pinpoint's Complaint For Patent Infringement, Dkt. No. 1.

2. This counterclaim seeks declaratory judgments of non-infringement, invalidity and unenforceability of one or more claims of United States Patent Nos. 5,754,938 ("the '938 patent"), 7,853,600 ("the '600 patent"), and 8,056,100 ("the '100 patent") (attached hereto as Exhibits B, C & D, respectively), under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and the patent laws of the United States.

**Response:**

Admitted that Sears seeks such declaratory judgments, but denied that it is entitled to any relief.

## PARTIES

3. Sears, Roebuck And Co. ("Sears"), designated herein as counterclaim plaintiff, is a New York corporation with headquarters at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

**Response:**

Admitted.

4. On information and belief, Pinpoint Incorporated ("Pinpoint"), designated herein as counterclaim defendant, is a Texas corporation with headquarters at 203 North Wabash Avenue, Suite 1610, Chicago, Illinois 60601, and residing in this judicial district for purposes of venue under 28 U.S.C. § 1391.

**Response:**

Admitted that Pinpoint is a Texas corporation with former headquarters at 203 North Wabash Avenue, Suite 1610, Chicago, Illinois, 60601, which has been moved to 63 East Lake Street, Chicago, Illinois, 60601. Further admitted that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Except as answered, the allegations are denied.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

**Response:**

Admitted.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**Response:**

Admitted.

7. Venue and personal jurisdiction are proper within this judicial district because, *inter alia*, Pinpoint has sought the benefit of this forum for this litigation.

**Response:**

Admitted that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Further admitted that this Court has personal jurisdiction over all parties. Except as answered, the allegations are denied.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

8. Sears repeats and incorporates by reference each of the foregoing paragraphs of Sears's Answer and Affirmative Defenses to the Complaint and of this Counterclaim.

**Response:**

Pinpoint objects to Sears' incorporation by reference of each of the paragraphs of its Answer and Affirmative Defenses as improper since a responsive pleading is not necessary for answers and affirmative defenses. To the extent any response to Sears' answers and affirmative defenses is necessary, they are denied insofar as they are inconsistent with the allegations contained in Pinpoint's Complaint For Patent Infringement, Dkt. No. 1. Pinpoint repeats and incorporates by references its responses to the foregoing paragraphs of Sears' Counterclaim.

9. On information and belief, the '938, '600, and '100 patents ostensibly were issued on May 19, 1998, December 14, 2010, and November 8, 2011, respectively, and are alleged to be owned by Pinpoint.

**Response:**

Admitted.

10. Pinpoint filed a complaint ("the Complaint") in this Court alleging that Sears has infringed and continues to infringe at least claim 1 of the '938 patent within the meaning of 35 U.S.C. § 271(a) through activities relating to operation of the website at http://www.sears.com.

**Response:**

Admitted.

11. The Complaint alleges that Sears has infringed and continues to infringe at least claim 29 of the '600 patent within the meaning of 35 U.S.C. § 271(a) through activities relating to operation of the website at http://www.sears.com.

**Response:**

Admitted.

12. The Complaint alleges that Sears has infringed and continues to infringe at least claim 36 of the '100 patent within the meaning of 35 U.S.C. § 271(a) through activities relating to operation of the website at http://www.sears.com.

**Response:**

Admitted.

13. Sears has not in any way infringed and does not in any way infringe—including, without limitation, literally, directly, indirectly, by inducement, contributorily, or under the doctrine of equivalents—any valid and enforceable claim of the '938, '600, or '100 patents, by any acts alleged by Pinpoint or otherwise.

**Response:**

Denied.

14. On information and belief, prior to initiating this action, Pinpoint failed to adequately investigate Sears's alleged infringing acts, including the alleged infringing acts related to its operation of the website at http://www.sears.com, that form the basis of Pinpoint's accusations of infringement of the '938, '600, and '100 patents within Pinpoint's Complaint.

**Response:**

Denied.

15. The claims of the '938, '600, and '100 patents are invalid and/or unenforceable for failing to comply with the requirements set forth in the patent laws of the United States, including, without limitation, Title 35 of the United States Code and, more specifically, 35 U.S.C. §§ 101, 102, 103, and 112.

**Response:**

Denied.

16. Based on the foregoing, there is an actual, substantial and continuing justiciable controversy between Sears and Pinpoint regarding the validity, enforceability, and infringement of the '938, '600, and '100 patents.

**Response:**

Admitted that there is an actual and justiciable controversy between Pinpoint and Sears regarding validity, enforceability and infringement of the '938, '600 and '100 patents. Except as answered, the allegations are denied.

17. The controversy between Sears and Pinpoint warrants a declaratory judgment by this Court that the '938, '600, and '100 patents are invalid and unenforceable and that Sears does not in any way infringe the '938, '600, or '100 patents.

**Response:**

Denied.

## AFFIRMATIVE DEFENSES

Pinpoint asserts the following Affirmative Defenses against Sears' counterclaim and reserves the right to further amend its responses as additional information becomes available:

1. The claims of United States Patents Nos. 5,754,938; 7,853,600 and 8,056,100 are valid, enforceable and infringed by Sears.

2. Sears' counterclaim fails to state a claim upon which relief can be granted, i.e., claims for invalidity, unenforceability and non-infringement of the '938 patent, the '600 patent and the '100 patent.

3. Pinpoint hereby incorporates by reference as if fully set forth herein the allegations of its Complaint and denies Sears' Answers and Affirmative Defenses to the extent they are inconsistent with Pinpoint's allegations.

4. Pinpoint adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available. No affirmative defense is waived.

5. Pinpoint reserves the right to supplement its affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Pinpoint requests judgment in its favor on Sears' counterclaim, judgment in its favor and against Sears with respect to Pinpoint's claims in its Complaint and all relief requested in Pinpoint's Complaint, an award of its costs, fees, and expenses as provided by law,

and any other and further relief to which Pinpoint may be entitled to, or the Court or a jury may award.

## JURY DEMAND

Pinpoint hereby demands a trial by jury on all issues so triable.

Date: July 5, 2012

Respectfully submitted,

/s/ Brian E. Haan
Raymond P. Niro
Paul K. Vickrey
Paul C. Gibbons
Brian E. Haan
Oliver D. Yang
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
vickrey@nshn.com
gibbons@nshn.com
bhaan@nshn.com
oyang@nshn.com

*Attorneys for Pinpoint Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5, 2012 the foregoing:

**PINPOINT INCORPORATED'S ANSWER
TO DEFENDANT SEARS, ROEBUCK AND CO.'S COUNTERCLAIM**

was filed with the Clerk of the Court pursuant to the Court's CM/ECF procedures, which will electronically notify the following counsel of record:

| | |
|---|---|
| James J. Lukas, Jr. | Rachael G. Pontikes |
| lukasj@gtlaw.com | rgpontikes@duanemorris.com |
| Greenberg Traurig, LLP | Duane Morris LLP |
| 77 West Wacker Drive | 190 South LaSalle Street |
| Suite 3100 | Suite 3700 |
| Chicago, Illinois  60601 | Chicago, IL  60603 |
| Tel:  (312) 456-8400 | Tel:  (312) 499-6757 |
| | |
| *Attorney for Sears, Roebuck and Co.* | Arthur Dresner |
| | Duane Morris LLP |
| | 1540 Broadway |
| | New York, NY  10036 |
| | Tel:  (212) 692-1014 |
| | |
| | Matthew C. Mousley |
| | Duane Morris LLP |
| | 30 S. 17th Street |
| | Philadelphia, PA  19103-4196 |
| | Tel:  (215) 979-1804 |
| | |
| | *Attorneys for Sears, Roebuck and Co.* |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

      /s/ Brian E. Haan
Attorney for Pinpoint Incorporated
NIRO, HALLER & NIRO